The Honorable John W. Parkerson 300 Exchange Street, Suite A Hot Springs, AR 71901
Dear Representative Parkerson:
This is in response to your request for an opinion on the following questions:
 1. May the City of Hot Springs, Arkansas, give money to Main Street Hot Springs, Inc., a non-profit Arkansas corporation that is qualified under Internal Revenue Code 501(c)(4) for the purposes of downtown revitalization and economic development?
 2. Can the City generally make cash donations or provide in kind services to non-religious organizations recognized as tax exempt under Internal Revenue Code 501(c)(3) (Boys Club) and/or 501(c)(4)?
In response to your first question, we must note that we recently became aware of the institution of legal action on this issue in Garland County Circuit Court. The longstanding policy of this office dictates that opinions not be rendered on matters that are the subject of litigation. We must therefore refrain from addressing your first inquiry.
In response to your second question, please note that I have enclosed a copy of Opinion Number 88-114, issued by this office on August 4, 1988, wherein questions surrounding a county's appropriation of funds to, among others, a Boys/Girls Club are addressed. It was concluded therein that a conflict with Article12, Section 5 of the Constitution of Arkansas will in all likelihood result from such an appropriation. This conclusion would also apply to a municipality under the language of Article 12, Section 5 which states:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation, or obtain or appropriate money for, or loan its credit to any corporation, association, institution, or individual.
While we of course cannot address all potential non-profit organizations, Opinion Number 88-114 should offer general guidance in this regard, as well as specific guidance with respect to certain other entities cited therein. I do not believe a valid distinction exists between "cash donations" and "in-kind services" for purposes of Art. 12, 5. Nor would the organization's tax exempt status appear to be dispositive under that constitutional prohibition.
This is in response to your request for an opinion Assistant Attorney General Elisabeth A. Walker.